**Opinion filed May 14, 2009**



In The

# Eleventh Court of Appeals

————

## No. 11-07-00266-CR

————

## MICHAEL E. "GIBSON" HARBERT, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 12034**

## M E M O R A N D U M   O P I N I O N

Michael E. "Gibson" Harbert appeals his conviction for the offense of murder. The jury assessed his punishment at life imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a fine of $10,000. He contends in two issues on appeal that the trial court abused its discretion in admitting evidence as to the extraneous offense of possession of marihuana and that the trial court erred in overruling his objection to the prosecutor's closing argument. We affirm.

Harbert makes no assertion that the evidence is insufficient to show that he murdered the victim. He urges in issue one that the trial court abused its discretion in admitting evidence as to the extraneous offense of possession of marihuana. Prior to trial, the trial court granted Harbert's motion

in limine, prohibiting the State from introducing evidence of any extraneous conduct allegedly perpetrated by Harbert, whether adjudicated or not. At trial, the prosecutor asked Corporal Nathan Londenberg, the Big Spring police officer who arrested Harbert and booked him into jail, what else he had been booked for. Corporal Londenberg responded that, during the booking process, it was discovered that Harbert had some marihuana in his pocket and that he was charged with that. Counsel for Harbert made a general objection. Before the trial court could rule on the objection, Harbert's counsel moved for a mistrial because the evidence violated the motion in limine about extraneous matters. The trial court denied the motion for mistrial without ever expressly ruling on Harbert's objection.

Subsequently, Felicia Aldridge, the driver of the car in which Harbert was riding at the time of his arrest, testified that crack cocaine found in her possession at the time of Harbert's arrest was hers. She indicated that neither she nor Harbert was smoking the crack cocaine that night. When the State's attorney apparently started to ask whether they had smoked the marihuana, Harbert's counsel made a general objection and then referred to his motion in limine about extraneous matters. The State argued that it was entitled to present the evidence because it went to Harbert's perception and state of mind. Aldridge then testified that neither she nor Harbert had been smoking marihuana that night.

The Texas Rules of Evidence provide that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. TEX. R. EVID. 404(b). However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident. Rule 404(b). These exceptions are neither mutually exclusive nor collectively exhaustive. *De La Paz v. State*, 279 S.W.3d 336 (Tex. Crim. App. 2009).

Whether extraneous offense evidence has relevance apart from character conformity is a question for the trial court. *Id.* A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse of discretion standard. *Id.* We will uphold the trial court's ruling as long as it is within the zone of reasonable disagreement. *Id.* The trial court's ruling is generally within the zone of reasonable disagreement if the evidence shows that (1) an extraneous transaction is relevant to a material, non-propensity issue and (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *Id.*

The State argues that the testimony about marihuana resulted from questioning of Corporal Londenberg by defense counsel. However, our record reflects that the testimony was elicited by the prosecutor, not defense counsel. The State at that time made no suggestion as to what issue, if any, other than character conformity, the evidence tended to support. Later, when the State sought to ask Aldridge whether she or Harbert were smoking marihuana on the night of the murder, the State indicated that the evidence went to Harbert's perception and state of mind.

The evidence before us is that Harbert was in possession of some marihuana at the time of his arrest and that he had not smoked any of it on the night in question. There was no issue as to whether Harbert shot the victim. Not only did the forensic evidence establish that the shots were fired from his gun, but he had himself said so when he told those doing forensic work that they did not need to test his hands for gunshot residue. The only material issues at trial were whether the deceased confronted Harbert with a gun prior to the shooting and, if so, whether Harbert's actions were consistent with those who wish to avail themselves of the defense of self-defense. We hold that evidence of Harbert being in possession of marihuana is not relevant to those issues and that, even if it were, its probative value is substantially outweighed by the danger of unfair prejudice. Consequently, we hold that the trial court abused its discretion in admitting into evidence the fact that Harbert was in possession of marihuana at the time of his arrest. While Harbert's perception and state of mind might be of some relevance to the issues in the case, the State has failed to explain how Harbert's mere possession of marihuana, without more, relates to either Harbert's perception or state of mind. Even if it could be said to be relevant, we hold that its probative value is weak and substantially outweighed by the danger of unfair prejudice.

Inasmuch as we have concluded that the trial court abused its discretion by admitting evidence of Harbert's possession of marihuana, we must determine if the admission of this evidence affected Harbert's substantial rights. TEX. R. APP. P. 44.2(b); *Prible v. State*, 175 S.W.3d 724, 737 (Tex. Crim. App. 2005). Substantial rights are not affected by the erroneous admission of evidence if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury or had but a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). When a trial court errs by improperly admitting evidence, an appellate court determines the likelihood that the error adversely affected the jury's decision by considering everything in the record, including the following: (1) testimony or physical evidence admitted for the jury's consideration; (2) the nature of the evidence supporting the verdict; (3) the character of the alleged

error and how it might be considered in connection with other evidence in the case; (4) the jury instructions; (5) the State's theory and any defensive theories; (6) closing arguments; (7) voir dire; and (8) the State's emphasis of the error. *Haley v. State*, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005).

As previously noted, it was undisputed that Harbert fired the fatal shots that killed the victim. Harbert relied on self-defense. There was evidence that Harbert fired his gun after the victim confronted him with a gun at the front door of the premises. However, forensic evidence showed that the victim died inside the residence, near the back door, as a result of three contact or near-contact bullet wounds to his back from the gun found in Harbert's possession shortly after the shooting. In addition to the testimony about Harbert's possession of marihuana, Aldridge testified that she had on her person four grams of crack cocaine. While hesitant to admit that she lived with Harbert because she lived in housing under a program with the United States Department of Housing and Urban Development, she acknowledged that they had three children together and that he was her man. She subsequently testified that neither she nor Harbert was smoking the marihuana on the occasion in question. In closing argument, the prosecutor said:

> Now, a routine search of the vehicle turns up Hennessy Cognac and some marihuana. I don't say that because they're necessarily bad acts. The testimony, if you believe it, is not that the Defendant or Felicia Aldridge partook of marihuana that night or partook of that Hennessy Cognac or partook of the crack cocaine she possessed that night. They deny all that.

Interestingly, Harbert's counsel did not object to this argument on the basis of its reference to marihuana but, instead, sought a mistrial on the basis that Harbert, who did not testify, had not denied that he had used marihuana, cognac, or crack cocaine on the night of the murder. After the trial court overruled Harbert's motion for mistrial, the prosecutor argued:

> Felicia Aldridge states that there was no drug use that night. She states that there was no drinking that night. You may reasonably consider whether or not she was telling the truth when she said that and whether or not that affected her sensibilities or the sensibilities of anyone else in the course of conduct of that evening.

Although the State did emphasize the error in its final argument, we hold that the evidentiary references to Harbert's marihuana possession did not affect his substantial rights, given Harbert's admission that he was the shooter, evidence that Harbert had threatened the victim a short time before the shooting, forensic evidence showing that the victim was shot at close range inside the

4

house with the gun found in Harbert's possession, and Aldridge's testimony concerning crack cocaine. While Harbert argues correctly that his objections to the references in the evidence concerning the marihuana found in his possession should have been sustained, he makes no argument and submits no authority on the issue of whether the admission of that evidence affected his substantial rights.

With respect to the issue of admissibility, Harbert did cite several cases, including *Wallace v. State*, 679 S.W.2d 1 (Tex. Crim. App. 1984). In that case, the defendant's attempted capital murder conviction was reversed due to the introduction into evidence of marihuana found in the defendant's possession. The Texas Rules of Evidence did not become effective until March 1, 1998. Consequently, the court in *Wallace* did not discuss the issue of whether the admission into evidence of marihuana possession on the part of the defendant affected his substantial rights. While it held that the evidence was extremely prejudicial, we notice that the defendant in that case possessed marihuana, crack cocaine, and methamphetamine. *Id.* We overrule issue one.

Harbert asserts in issue two that the trial court erred in overruling his objection to the prosecutor's closing argument concerning the alleged denial of the use of marihuana, cognac, or crack cocaine. We have previously noted that the prosecutor, in his final argument, stated that "they" denied the use of marihuana, cognac, or crack cocaine on the night of the murder. We have also noted that Harbert had objected and moved for a mistrial based upon the fact that he had not denied their use. At this time, we would point out that, after the trial court overruled Harbert's motion for mistrial, the prosecutor argued to the jury that Aldridge, Harbert's companion on that evening, had denied their use.

We would first note that the prosecutor's reference to the fact that "they" denied the use of the marihuana, cognac, and crack cocaine could reasonably have been intended as a reference to the defense as a group, not to Harbert individually. We agree that, if the reference was intended to include Harbert individually, it was an incorrect statement and the objection should have been sustained. There is some question as to whether the argument was harmful to Harbert at all, at least with respect to the objection that he had not denied the use of marihuana, cognac, or crack cocaine on the night in question. We hold that, in any event, any error in overruling Harbert's objection to the State's argument, for the reasons we asserted with respect to issue one, did not affect Harbert's substantial rights. Harbert makes no argument that the prosecutor's argument, with respect to the objection he offered, was harmful or that it affected his substantial rights. We overrule issue two.

The judgment is affirmed.

PER CURIAM

May 14, 2009

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.